```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 99-10020-MLW |
| | ) | |
| ARTIS COOPER | ) | |
| | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                June 1, 2009

Defendant Artis Cooper is serving a 156 month sentence for possessing cocaine base with intent to distribute and distribution of cocaine base. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which generally retroactively reduces by two levels the offense level for crimes involving crack cocaine and became effective March 3, 2008, Cooper moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10. As Cooper is indigent, counsel was appointed to represent him.

Cooper's plea agreement states in relevant part:

> The U.S. Attorney and Cooper agree pursuant to Fed. R. Crim. P. 11(e)(1)(C) that the following is the appropriate disposition of this case:
> If the Court determines that the career offender provisions are not applicable, a sentence of 151 months' imprisonment....
> If the career offender provisions are applicable, the parties will jointly recommend that Cooper be sentenced to 156 months' imprisonment (13 years)...

Plea Agreement at 4. The court found that the Career Offender provisions were applicable, and sentenced Cooper to 156 months imprisonment. See Memorandum of Sentencing Hearing and Report of

Statement of Reasons at 1.

The government opposes Cooper's motion on two grounds: first, that the sentence was based on a binding plea agreement, and second that Cooper was sentenced as a Career Offender.

The First Circuit recently held that a defendant sentenced as a Career Offender is ineligible for sentence reduction under Amendment 706. See United States v. Ayala-Pizarro, 551 F.3d 84 (1st Cir. 2008); United States v. Caraballo, 552 F.3d 6 (1st Cir. 2008). Accordingly, Cooper is not eligible for a sentence reduction.

The court need not address the government's additional argument that, because he plead pursuant to a binding plea agreement, Cooper is ineligible for a sentence reduction.

For the foregoing reasons, it is hereby ORDERED that Cooper's Motion for Reduction of Sentence Under 18 U.S.C. §3582(c) (Docket No. 109) is DENIED.

      /s/ Mark L. Wolf
United States District Judge